IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

MARIETTA C. RUSSELL, ADMINISTRATRIX
OF THE ESTATE OF JOHN WILLIAM CHILDS,
DECEASED AND PERSONAL REPRESENTATIVE
OF THE WRONGFUL DEATH BENEFICIARIES
OF JOHN WILLIAM CHILDS, DECEASED,                              PLAINTIFF,

VS.                                            CIVIL ACTION NO. 4:06CV168-P-B

INDIANOLA HEALTH & REHABILITATION
CENTER; ET AL.,                                                DEFENDANTS.

## MEMORANDUM OPINION

This matter comes before the court upon Defendant National Senior Care, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction [30] pursuant to Federal Rules of Civil Procedure 12(b)(2). After due consideration of the motion and the responses filed thereto, the court is prepared to rule.

## I. FACTUAL BACKGROUND

The Complaint alleges wrongful death medical negligence against various nursing home defendants resulting in the alleged wrongful death of John William Childs on September 20, 2004 while a resident at a nursing home doing business as Indianola Health & Rehabilitation Center. The plaintiff named six separate defendants alleged to be owners or operators of the subject nursing home, including National Senior Care, Inc., a foreign corporation residing in Maryland. More specifically, the Complaint alleges "Upon information and belief, Defendant, National Senior Care, Inc. was at all times relevant to this cause of action doing business in the State of Mississippi as the parent company of Mariner Healthcare, Inc. f/k/a Mariner Post-Acute." Complaint, ¶ 7.

National Senior Care, Inc. ("NSC") filed the instant motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). NSC asserts that it is merely a holding company that owns the outstanding stock of Mariner Health Care, Inc., who is the parent corporation of National Heritage Realty, Inc. who owned the subject nursing home until December 2005 when it was allegedly transferred to an unrelated entity. At the time of Childs' death on September 20, 2004, however, the transfer has not yet taken place.

NSC avers that it does not and has not conducted business in Mississippi, that it has no employees, offices, or operations in Mississippi, and has never employed anyone working at the subject nursing home. NSC correctly points out that the Complaint alleges that NSC *or* the other defendants employed the staff at the nursing home without definitely asserting that NSC necessarily employed anyone at the nursing home. Ultimately, NSC argues that the plaintiff's claims against them should be dismissed for lack of personal jurisdiction given that (1) NSC has no liability simply by virtue of being a parent corporation; and (2) the plaintiff has presented no evidence of any contacts with Mississippi.

The plaintiff counters in two and a half pages of text that NSC's motion to dismiss is untimely because discovery has not yet commenced. Furthermore, the plaintiff attaches a document titled a "D&B Business Background Report" which states that in December 2005 "an inside source to Mariner Health Care, Inc. stated that Mariner was acquired by National Senior Care, Inc." The plaintiff speculates that though the report is not clear about the timing of the acquisition, the plaintiff believes it took place before the instant wrongful death action accrued.

NSC rebuts by repeating the lack of evidence proffered by the plaintiff establishing any contact with Mississippi and observing that Fed. R. Civ. P. 12(b)(2) motions by their nature may be

2

filed before discovery begins. NSC points out further that the D&B Business Background Report is inadmissible hearsay, and even if it were true, the report states that NSC is a "holding company" and that Mariner Health Care, Inc. is a wholly owned subsidiary of NSC which is the same information provided in the Affidavit of Kristy Owen attached to NSC's motion to dismiss.

## II. DISCUSSION

### A. Fed. R. Civ. P. 12(b)(2) Standards

Federal Rule of Civil Procedure 12(b)(2) provides that before filing an answer, a defendant may move to dismiss for lack of personal jurisdiction.

Plaintiffs bear the burden to establish the court's jurisdiction. *Allred v. Moore & Peterson, P.C.*, 117 F.3d 278, 281 (5th Cir. 1997).

In diversity cases, the district court "may exercise personal jurisdiction only to the extent permitted a state court under applicable state law." *Cycles, Ltd. v. W.J. Digby, Inc.*, 889 F.2d 612, 616 (5th Cir. 1989). "The state or federal court sitting in diversity may assert personal jurisdiction if (1) the state's long-arm statute applies, as interpreted by the state's court; and (2) if due process is satisfied under the fourteenth amendment to the United States Constitution." *Id*.

Mississippi's long-arm statute provides in pertinent part that:

> Any nonresident person, firm ... or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

Miss. Code Ann. § 13-3-57 (2002).

Pursuant to the tort prong of § 13-3-57, if a nonresident defendant commits a tort or an element thereof in Mississippi, then he is subject to personal jurisdiction of a Mississippi federal district court sitting in diversity. *Anderson v. Sonat Exploration Co.*, 523 So.2d 1024 (Miss. 1988). Even when a tort is committed only in part in Mississippi, the long-arm statute permits personal jurisdiction over a nonresident defendant. *Smith v. Temco, Inc.*, 252 So.2d 212, 216 (Miss. 1971). If tortious conduct occurring outside of the state causes injury or damage within the state, the nonresident defendant will also be subject to personal jurisdiction. *Wilkinson v. Mercantile Nat'l Bank of Dallas*, 529 So.2d 616, 618-619 (Miss. 1998). However, the plaintiff has not alleged that NSC itself committed any tortious acts in relation to this lawsuit. Rather, the plaintiff relies on the doing business prong of the Mississippi long-arm statute in her Complaint as quoted above.

Regarding the "doing business" prong, the plaintiff must demonstrate that the non-resident defendant (1) did some purposeful act or consummated a transaction in Mississippi and, if so (2) that the assumption of jurisdiction by this court would not offend traditional notions of fair play and substantial justice. *Kekko v. K&B Louisiana Corp.*, 716 So.2d 682, 683 (Miss. Ct. App. 1998).

"Courts have long presumed the institutional independence of related corporations, such as parent and subsidiary, when determining if one corporation's contacts with a forum can be the basis of a related corporation's contacts." *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 338 (5th Cir. 1999) (citing *Cannon Mfg. Co. v. Cudahy Packing Co.*, 267 U.S. 333 (1925)). Furthermore, "a foreign parent corporation is not subject to the jurisdiction of a forum state merely because its subsidiary is present or doing business there; the mere existence of a parent-subsidiary relationship is not sufficient to warrant the assertion of jurisdiction over the foreign parent." *Hargrave v. Fibreboard Corporation*, 710 F.2d 1154, 1159 (5th Cir. 1983)

However, "the presumption of corporate separateness ... may be overcome by clear evidence ... of one corporation asserting sufficient control to make the other its agent or alter ego." *Dickson,* 179 F.3d at 338. "[T]he burden of making a prima facie showing of such symbiotic corporate relatedness is on the proponent of the agency/alter ego theory." *Id.*

"When a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, it must accept as true the uncontroverted allegations in the complaint and resolve in favor of the plaintiff any factual conflicts...." *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999). In such instances, "the plaintiff need only present a prima facie case of personal jurisdiction to satisfy its burden." *Stripling v. Jordan Production Co., LLC,* 234 F.3d 863, 869 (5th Cir. 2000).

The assertion in the Complaint that NSC was "doing business in the State of Mississippi as the parent company of Mariner Healthcare, Inc. f/k/a Mariner Post-Acute" is not uncontroverted and the plaintiff has provided insufficient evidence to create a factual issue as to whether NSC has in fact done business in Mississippi at any relevant time. Furthermore, the plaintiff has not presented a prima facie case of personal jurisdiction because (1) the plaintiff has not alleged that NSC committed a tort in Mississippi or outside of Mississippi in a manner affecting Mississippi pursuant to the tort prong of Miss. Code Ann. § 13-3-57; and (2) she has presented no evidence that any of NSC's subsidiaries were the alter ego of NSC concerning the subject nursing home thereby justifying piercing NSC's corporate veil pursuant to the doing business prong. In fact, the plaintiff's response makes no mention of the veil piercing analysis.

Because the plaintiff has not met her burden in establishing that personal jurisdiction is proper upon NSC under Mississippi's long-arm statute, it is unnecessary to discuss whether exercise

of personal jurisdiction would meet the due process element of the prima facie case of personal jurisdiction.

### III. CONCLUSION

For the reasons discussed above, the court concludes that Defendant National Senior Care, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction [30] should be granted. Therefore, the plaintiff's claims against National Senior Care, Inc. should be dismissed without prejudice. Accordingly, and Partial Final Judgment shall issue forthwith,

**THIS DAY** of June 15, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE