# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

**MARIETTA C. RUSSELL, administratrix**
**of the estate of JOHN WILLIAM CHILDS,**
**deceased and personal representative of the**
**wrongful death beneficiaries of JOHN WILLIAMS**
**CHILDS, deceased**                                              **PLAINTIFF**

**V.**                                                          **CAUSE NO:4:06CV168**

**INDIANOLA HEALTH & REHABILITATION CENTER, et al.**          **DEFENDANTS**


## <u>MEMORANDUM OPINION</u>

Presently before the Court is Evergreen Healthcare, Inc., and Grancare, LLC's Motion for Summary Judgment [137]. After reviewing the motion, responses, pertinent law and authorities, the Court finds the following:

Plaintiff brought this suit alleging that John Williams Childs received negligent care at the Indianola Health & Rehabilitation Center during his residency from January 2, 2004, until September 20, 2004. Between those dates, Indianola Health & Rehabilitation Center was owned and operated by National Heritage Realty, Inc. Plaintiff alleges that claims against Evergreen Healthcare and Grancare for vicarious liability in that Evergreen was the parent company of National Heritage Realty, and Grancare was the parent company of Evergreen.

Evergreen and Grancare filed this motion for summary judgment requesting that they be dismissed as party defendants because those two entities owed no duty to Plaintiff in this case because neither entity owned, operated, managed or exercised any control whatsoever over the facility. Moreover, Evergreen and Grancare aver by sworn affidavit that between the dates of January 2, 2004, and September 20, 2004, neither entity was the parent company of National

Heritage Realty, Inc.

*Summary Judgment Standard*

Summary judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact, and the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. Id. at 323, 106 S. Ct. 2548. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Id. at 324, 106 S. Ct. 2548; Willis v. Roche Biomedical Labs., Inc., 61 F.3d 313, 315 (5th Cir. 1995). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. TIG Ins. Co. v. Sedgwick James of Wash., 276 F.3d 754, 759 (5th Cir. 2002); SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1997); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

*Discussion and Analysis*

Evergreen and Grancare have submitted an affidavit from Kristy L. Prince Owen, Litigation Manager for Mariner Health Care, Inc., that states between the time period of January 2, 2004, until September 20, 2004, Evergreen Healthcare and Grancare were not affiliated with Indianola Health

& Rehabilitation in any manner. Therefore, the entities argue, Evergreen and Grancare could not have owed any duty to the Plaintiff, therefore, they should be dismissed as party defendants.

In response, Plaintiff tries to connect Evergreen and Grancare to Indianola Health & Rehabilitation by noting that Evergreen and Grancare are wholly owned subsidiaries of Mariner Health Care. Furthermore, the Plaintiff alleges that "upon information and belief," these defendants did provide services to National Heritage Realty, the nursing home entity in question. Plaintiff asserts that Mariner Healthcare is the corporate parent of National Heritage Realty, Inc., d/b/a Indianola Health & Rehabilitation Center and manages and operates National Heritage Realty through its wholly owned subsidiaries. Plaintiff "believes" that Evergreen and Grancare were the subsidiaries managing National Heritage Realty at the time of Childs' residency.

As noted in the standard above, Evergreen and Grancare have presented evidence that there exists no genuine issue of material fact for trial. The burden then shifted to the plaintiff to designate "specific facts showing that there is a genuine issue for trial." <u>Celotex</u>, 477 U.S. at 324, 106 S. Ct. 2548. Plaintiff has provided SEC documentation showing that as of 2002, National Heritage Realty was a subsidiary of Evergreen Healthcare, which was a subsidiary of Grancare, which was a subsidiary of Mariner Health. Kristy L. Prince Owen, however, averred that neither Evergreen nor Grancare owned or was the parent company of National Heritage Realty from January 2, 2004, until September 20, 2004.

Accordingly, there is a conflict as to whether Evergreen and Grancare were parent companies to National Heritage Realty such that they may be held vicariously liable for alleged torts committed by Indianola Health & Rehabilitation Center. As such, there is a genuine issue of material fact and summary judgment is inappropriate at this stage. Defendant Evergreen Healthcare, LLC, and

Grancare, LLC's Motion for Summary Judgment is hereby denied.

SO ORDERED, this the 19th day of September, 2008.

 /s/ Sharion Aycock
**U.S. DISTRICT JUDGE**